IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CITIZENS AGAINST dONALD TRUMP,<br><br>*Plaintiff,*<br><br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>*Defendants*. | Case No. 4:25-cv-00311-SRC |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DENY
DEFENDANTS' MOTION TO DISMISS**

On May 16, 2025, Defendants moved to dismiss Plaintiff's complaint in this action under Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Defs.' Mot. to Dismiss, ECF No. 30 ("Defs.' Mot."); Defs.' Mem. of Law in Supp. of Mot. to Dismiss, ECF No. 30-1. After receiving two extensions to respond, Plaintiff filed a "motion to deny" Defendants' motion. Pl.'s Mot. to Deny, ECF No. 39 ("Pl.'s Mot."); Pl.'s Mem. in Supp. of Pl.'s Mot. to Deny, ECF No. 40 ("Pl.'s Mem."). Defendants respectfully ask that the Court deny Plaintiff's motion and proceed to consider the substance of Defendants' motion to dismiss.[1]

The basis for Plaintiff's motion is not entirely clear. Plaintiff appears to suggest that Defendants have not stated the grounds for their motion—for instance, criticizing Defendants' for "fil[ing] a 1-page Motion to Dismiss." Pl.'s Mot. at 4. But Plaintiff also acknowledges that Defendants included language that Defendants moved to dismiss "[f]or the reasons stated in the

---

[1] Although not the subject of this opposition, Defendants note that, despite receiving three extensions of the deadline to file an opposition to Defendants' motion, Plaintiff did not file its opposition by the July 14, 2025 deadline. *See* Order, ECF No. 43 (granting Plaintiff's motion for leave to file out of time (i) an additional motion and memorandum under Federal Rule Civil Procedure 12(d) and (ii) Plaintiff's memorandum in opposition to Defendants' motion to dismiss).

accompanying memorandum." *Id.* at 2. And elsewhere, Plaintiff has indicated that it intends to respond to the arguments in Defendants' memorandum in support of their motion to dismiss. *See, e.g.*, Pl.'s Third Mot. for Extension of Time at 1, ECF No. 37 ("Defendants' Memorandum in Support of their Motion to Dismiss is 35 pages in length.").

As best Defendants can tell, Plaintiff's argument is that it was improper for Defendants to reserve their legal arguments for their memorandum in support of the motion to dismiss, and that Defendants should have more specifically stated the basis for their motion in the motion itself. If that is, indeed, Plaintiff's argument, it is meritless. Defendants' motion states the basis for the motion to dismiss by reference to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Defs.' Mot. And it is entirely commonplace and proper for movants to reserve their legal arguments for accompanying memoranda in support of motions. Indeed, this Court's Local Rules specify that, "[u]nless otherwise directed by the Court, the moving party *must* file with each motion a memorandum in support of the motion, including any relevant argument and citations to any authorities on which the party relies." L.R. 4.01(A) (emphasis added).

Plaintiff also argues that Defendants' motion does not conform with the Federal Rules of Civil Procedure because it does not include numbered paragraphs. Plaintiff starts with Rule 7(b), which addresses, among other things, the "Form of Motions," and states that a motion must "state with particularity the grounds for seeking the order." Rule 7(b) also provides that "[t]he rules governing captions and other matters of form in pleadings apply to motions and other papers." Plaintiff then turns to Rule 10(b), which states in relevant part that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practical to a single set of circumstances." Fed. R. Civ. P. 10(b). Reading those provisions together, Plaintiff suggests that

2

Defendants were required to explain the basis for their motion in numbered paragraphs, and that Defendants' motion should be denied for failure to do so.

Fortunately, however, the Federal Rules do not require attorneys to clutter their briefs with unhelpful numbered paragraphs. Several courts have addressed and rejected Plaintiff's argument, recognizing the distinction between pleadings covered by Rule 10(b) (*i.e.*, complaints and answers) and legal memoranda. *See Jarzynka v. St. Thomas University of Law*, 310 F. Supp. 2d 1256, 1265 (S.D. Fla. 2004) ("A motion to dismiss is a legal memorandum to the Court, and it should be written as a legal memorandum. It would be inappropriate to submit a motion to dismiss in numbered paragraphs."); *Green v. Green*, 899 F. Supp. 2d 291, 296 n.1 (D.N.J. 2012) (rejecting the argument as "meritless," explaining that Rule 10(b) "applies to setting forth claims and defenses in pleadings, and is inapplicable to motions for summary judgment"); *First Federal Finance Corp. v. Carrion-Concepcion*, 87 F. Supp. 3d 332, 335 (D.P.R. 2015) ("Numbering paragraphs in motions . . . wastes space and unduly complicates the Court's job."). This Court should do the same.

Defendants filed their motion to dismiss in compliance with the Federal Rules of Civil Procedure, this Court's Local Rules, and consistent with common practice. Accordingly, the Court should deny Plaintiff's motion to dispose of Defendants' Rule 12 arguments on a perceived technicality. If, however, the Court were to conclude that Defendants' filing was somehow improper, Defendants would, of course, be willing to resubmit their motion with the Court's preferred formatting.

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's motion.

Dated: July 17, 2025          Respectfully Submitted,

         BRETT A. SHUMATE
         Assistant Attorney General
         Civil Division

         ELIZABETH J. SHAPIRO
         Deputy Branch Director
         Civil Division, Federal Programs Branch

         */s/ Bradley P. Humphreys*
         BRADLEY P. HUMPHREYS
         988057(DC)
         Senior Trial Counsel
         SAMUEL S. HOLT
         Trial Attorney
         United States Department of Justice
         Civil Division, Federal Programs Branch
         1100 L Street, NW
         Washington, DC 20005
         Tel: (202) 305-0878
         Fax: (202) 616-8460
         bradley.humphreys@usdoj.gov

         *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on July 17, 2025, I electronically filed the foregoing and thereby caused a copy to be served on counsel of record.

                                                  */s/ Bradley P. Humphreys*
                                                  BRADLEY P. HUMPHREYS