UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CITIZENS AGAINST dONALD TRUMP, INC. d/b/a CITIZENS AGAINST dONALD FOR DEMOCRACY,<br><br>    Plaintiff,<br><br>vs.<br><br>DONALD J. TRUMP, et al.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 4:25-CV-311 SRC<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MOTION TO CONVERT
DEFENDANT DONALD J. TRUMP, DEFENDANT ELON MUSK, DEFENDANT
RUSSELL VOUGHT AND DEFENDANT JAMIESON GREER'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT
TO A MOTION FOR SUMMARY JUDGMENT
UNDER RULE 56[1] OF THE FEDERAL RULES OF CIVIL PROCEDURE
AND
FOR AN ORDER PERMITTING THE PARTIES TO CONDUCT DISCOVERY
IN ACCORDANCE WITH
RULES 30, 33, 34, 35 AND 36 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

    COMES NOW Plaintiff Citizens Against donald Trump, Inc. d/b/a Citizens Against donald Trump for Democracy (hereinafter "Plaintiff CAT"), by and through their attorneys, pursuant to Rule 12(d) of the Federal Rules of Civil Procedure and for their Motion to Convert Defendant Donald J. Trump (hereinafter "Defendant Trump"), in his official capacity as President of the United States, Defendant Elon Musk (hereinafter "Defendant Musk"), in his official capacity as Agency Head of the Department of Government Efficiency ("Defendant DOGE"), Defendant Russell Vought ("Defendant Vought"), in his official capacity as the Director of the Office of

---

[1] This rule is applicable to all actions, including those against the United States or an officer or agency thereof. *See* Notes of Advisory Committee on Rules—1937.

Management and Budget ("OMB") and Defendant Jamieson Greer[2] ("Defendant Greer"), in her official capacity as the Acting Director of Defendant United States Office of Government Ethics' ("Defendant OGE") (collectively "the Defendants") Motion to Dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure[3], to a Motion for Summary Judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, and, also pursuant to Rule 12(d) of the Federal Rules of Civil Procedure, and states to this Honorable Court as follows:

1. On March 13, 2025, the instant Complaint in this above-captioned case was filed against the Defendants.

2. On May 16, 2025, Defendants filed a Motion to Dismiss (hereinafter "Defendant's Motion"). *See* Doc. 30.

3. Outside of stating that a proposed order was attached, Defendant's Motion constituted a single sentence, "For the reasons stated in the accompanying memorandum, Defendants respectfully move to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)." *Id*.

4. Defendant's Motion contained no prayer for relief.

5. Instead of being filed as a separate document, Defendants' Memorandum in Support was filed as an attachment to Defendant's Motion. *See* Doc. 30-1.

---

[2] Since the filing of the Complaint in this case, Defendant Doug Collins, who was then the Acting Director of Defendant United States Office of Government Ethics has been replaced as Acting Director of United States Office of Government Ethics by Jamieson Greer.

[3] In Defendants' one-sentence Motion to Dismiss, Defendants do state that their Motion to Dismiss is also pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. However, as more fully described in this Motion, Defendants do not set forth any substantive legal argument in their Memorandum in Support (Doc. 30-1) addressing Rule 12(b)(1) and any legal basis for the dismissal of Plaintiffs' Complaint based upon Rule 12(b)(1) of the Federal Rules of Civil Procedure. This issue will be further addressed hereinafter.

6.      Despite Defendants filing a Motion to Dismiss, Defendants present extrinsic evidence in support of Defendants' Motion by attaching to it a Declaration pursuant to 28 U.S.C. § 1746.

7.      Rule 12(d) of the Federal Rules of Civil Procedure states:

> "Result of Presenting Matters Outside the Pleadings. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, **the motion must be treated as one for summary judgment under Rule 56**. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

Fed.R.Civ.P. 12(d). (*emphasis added*).

8.      Proof of this is stated in Defendants' opening paragraph of their, "LEGAL BACKGROUND", which states as follows:

> "    On a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears "the burden of proving the existence of subject matter jurisdiction," and a court may look at materials "outside the pleadings" in conducting this review, without converting the motion into one for summary judgment. *Herden v. United States*, 726 F.3d 1042, 1046 (8th Cir. 2013) (*en banc*). That said, a court should still construe a complaint in favor of the plaintiff when ruling on a motion to dismiss. *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010). But, if the Court's jurisdiction does not adequately appear from all materials of record, the complaint must be dismissed."

*See* Fed. R. Civ. P. 12(b)(1).

9.      The only other reference to Rule 12(b)(b)(1) is the sentence before the, "ARGUMENT" section stating, "In the end, however, because Plaintiff has failed to establish on the face of its complaint the existence of an advisory committee subject to FACA, the Court can dismiss the FACA mandamus claim on either jurisdictional or failure to state a claim grounds, as Defendants are moving under both Rule 12(b)(1) and Rule 12(b)(6)."

10.      On February 12, 2023, Plaintiff's counsel filed an Alias Summons to be issued for Defendant Austin S. King. (*See* Doc. #7).

3

11. On February 12, 2023, Plaintiff's counsel filed an Alias Summons to be issued for Defendant Joseph A. Ross. (*See* Doc. #8).

12. On February 13, 2023, upon issuance by the clerk of the Alias Summons issued for Defendant Austin S. King and Defendant Joseph A. Ross, Plaintiff's counsel contracted with the private process server for service and sent by email each clerk-issued Alias Summons for Defendant Austin S. King and Defendant Joseph A. Ross along with an electronic copy of Plaintiff's Complaint with the exhibits attached.

13. On February 16, 2023, Plaintiff filed his Proof of Service of the Alias Summons with respect to Defendant Austin S. King. (*See* Doc. #14).

14. On February 16, 2023, Plaintiff filed his Proof of Service of the Alias Summons with respect to Defendant Joseph A. Ross. (*See* Doc. #15).

15. The cost of service on Defendant Austin S. King was $75.00. (*See Plaintiff's Exhibit 2 attached hereto*).

16. The cost of service on Defendant Joseph A. Ross was $75.00. (*See Plaintiff's Exhibit 3 attached hereto*).

17. Defendant Austin S. King and Defendant Joseph A. Ross' respective Answers to Plaintiff's Complaint were due on March 8, 2023.

18. Assistant City Counselor Adriano Martinez entered his appearance on behalf all Defendants on March 14, 2023.

19. Defendants moved to file their Answers out of time, which Plaintiff consented to, that this Honorable Court granted on March 15, 2023. (*See* Doc. #17 and #18).

20. Rule 4(d)(2) of the Federal Rules of Civil Procedure provides that:

> "If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court **must** impose on the defendant:
>
> (A) the expenses later incurred in making service; and
> (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses."

Fed.R.Civ.P. 4(d)(2). (*emphasis added*).

21. In addition to the aforementioned service costs incurred, Plaintiff has also incurred attorney's fees in effectuating personal service on Defendant Austin S. King and Defendant Joseph A. Ross and as for the preparation of this motion and memorandum in support filed concurrently herewith. (*Additional time may be expended if Plaintiff is forced to file a Reply in support of this Motion*).

22. Plaintiff's counsel has detailed his hours in the Declaration attached hereto and labeled as Plaintiff's Exhibit 1. (*See Plaintiff's Exhibit 1*).

23. Plaintiff's counsel hourly rate on civil rights cases, including this above-captioned case is $450.00 per hour.

24. Total hours expended amounts to 7.2 hours. Id.

25. On July 17, 2018, the Honorable Nannette Baker, *ret*., in her Memorandum and Order ruling on a similar motion in a different case found the undersigned's hourly rate at that time of $400.00/hour to be reasonable[4]. (*See Plaintiffs' Exhibit 4 attached hereto; p. 2*).

26. As the total hours expended amounts to 7.2 hours and Plaintiffs' undersigned counsel's hourly rate is $450.00 per hour, Plaintiff seeks attorney's fees in the amount of $3,240.00.

---

[4] The motion before Judge Baker also dealt with police officers with the Metropolitan Police Department, City of St. Louis who failed to execute and return waivers of service.

WHEREFORE, for the foregoing reasons and those reasons stated in Plaintiff's Memorandum in Support filed concurrently herewith, Plaintiff respectfully requests this Honorable Court to grant his Motion for Taxation of Costs of Service to be Assessed Against Defendant Austin S. King and Defendant Joseph A. Ross in the amount of $150.00 and for Attorney's Fees in the amount of $3,240.00 and for such other relief as this Honorable Court deems just and proper under the circumstances.

    Respectfully submitted,

    SCHOTTEL & ASSOCIATES, P.C.

BY: s/*James W. Schottel, Jr.*
    James W. Schottel, Jr.   #51285MO
    906 Olive St., PH
    St. Louis, MO 63101
    (314) 421-0350
    (314) 421-4060 facsimile
    jwsj@schotteljustice.com

    Attorney for Plaintiff
    Citizens Against donald Trump, Inc. d/b/a
    Citizens Against donald Trump for Democracy

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2025, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

    Samuel S. Holt
    samuel.holt2@usdoj.gov

    Bradley P. Humphreys
    bradley.humphreys@usdoj.gov

    Attorneys for Defendants

    s/*James W. Schottel, Jr.*