UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CITIZENS AGAINST dONALD TRUMP,   )
INC. d/b/a CITIZENS AGAINST dONALD )
FOR DEMOCRACY,                   )
                                 )
        Plaintiff,               )
                                 )
vs.                              )        Case No. 4:25-CV-311 SRC
                                 )
DONALD J. TRUMP, et al.,         )
                                 )
        Defendant.               )

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO CONVERT
DEFENDANT DONALD J. TRUMP, DEFENDANT ELON MUSK, DEFENDANT
RUSSELL VOUGHT AND DEFENDANT JAMIESON GREER'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT
TO A MOTION FOR SUMMARY JUDGMENT
UNDER RULE 56[1] OF THE FEDERAL RULES OF CIVIL PROCEDURE
AND
FOR A SCHEDULING ORDER PERMITTING THE PARTIES TO CONDUCT
DISCOVERY IN ACCORDANCE WITH
THE FEDERAL RULES OF CIVIL PROCEDURE**

COMES NOW Plaintiff Citizens Against donald Trump, Inc. d/b/a Citizens Against donald

Trump for Democracy (hereinafter "Plaintiff CAT"), by and through their attorneys, pursuant to

Rule 12(d) of the Federal rules of Civil Procedure and for their Memorandum of Law in Support

of Motion to Convert Defendant Donald J. Trump (hereinafter "Defendant Trump") in his official

capacity as President of the United States, Defendant Elon Musk (hereinafter "Defendant Musk"),

in his official capacity as Agency Head of the Department of Government Efficiency ("Defendant

DOGE"), Defendant Russell Vought ("Defendant Vought"), in his official capacity as the Director

of the Office of Management and Budget ("OMB") and Defendant Jamieson Greer ("Defendant

---

[1] This rule is applicable to all actions, including those against the United States or an officer or agency thereof. *See* Notes of Advisory Committee on Rules—1937.

Greer"), in his official capacity as the Acting Director of Defendant United States Office of Government Ethics ("Defendant DOGE") and for their Memorandum in Law in Support of their Motion to Convert Defendants' Motion to Dismiss Plaintiff's Complaint to a Motion for Summary Judgment, pursuant to Rule 12(d), in seeking a Scheduling Order so that the parties may participate in discovery. Plaintiff states to this Honorable Court as follows:

## ARGUMENT

1.      First, Rule 12(d) states as follows:

"12(d)  Result of Presenting Matters Outside the Pleadings. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

 *See Fed.R.Civ.P. 12(d).*

## CASE LAW

**1.      *Brooks v. Midwest Heart Group*, 655 F.3d 796 (8th Cir. 2011)**

In *Brooks*, the 8th Circuit stated: "In this case, the district court erred in granting Midwest's motion to dismiss without converting it into one for summary judgment under Rule 56. See *Brooks v. Midwest Heart Group*, 655 F.3d 796, 800 (8th Cir. 2011). The 8th Circuit went on to state:

"With some exceptions, we have required strict compliance with the rule that a motion to dismiss must be converted into a motion for summary judgment if a party and the court rely on materials outside the pleadings. To afford the opposing party an opportunity "to rebut what has become a motion for summary judgment," the court must give all parties reasonable notice that conversion is occurring. see also Fed.R.Civ.P. 12(d). That way, a party prejudiced by the conversion can produce affirmative evidence to counter the movant's allegations or file an affidavit under Rule 56(f) requesting more time to obtain such evidence in order to resist the motion. See Fed.R.Civ.P. 56(d); Silver v. H & R Block, Inc., 105 F.3d 394, 395–96 (8th Cir. 1997)."

2

*Id.* citing *Country Club Estates, L.L.C. v. Town of Loma Linda*, 213 F.3d 1001, 1005 (8th Cir. 2000); Fed.R.Civ.P. 12(d); Fed.R.Civ.P. 56(d) and *Silver v. H & R Block, Inc.*, 105 F.3d 394, 395-96 (8th Cir. 1997).

The Declaration of Joshua Fisher is very similar to the *Brooks* case. The Declaration attacks Counts of Plaintiff's Complaint and without performing discovery, Plaintiff is unable to defend against the extrinsic evidence of the

**2.    *Gibb v. Scott*, 958 F.2d 814 (8th Cir. 1992)**

The Eighth Circuit in *Gibb v. Scott* held that, "Matters outside the pleadings were obviously presented to the court after the motions to dismiss were filed." <u>Gibb v. Scott</u>, 958 F.2d 814, 816 (8th Cir. 1992). Here, defendants undisputably presented matters outside of the pleadings in the Declaration of Joshua Fisher. (Doc. 50-2). Not including the extensive statement of material facts in Defendants' Memorandum in Support that are made with no citation to support the statement of material fact.

The Eighth Circuit in *Gibb* went on to hold:

> "The district court's failure to treat the motions as motions for summary judgment and to provide the parties with notice and an opportunity to provide further materials requires reversal unless the failure constituted harmless error." (*footnote omitted*).

*Id.* citing *Kaestel v. Lockhart*, 746 F.2d 1323, 1324 (8th Cir.1984) (per curiam); *see also Layton v. United States*, 919 F.2d 1333, 1335 (8th Cir.1990).

"A failure of this type is harmless if the nonmoving party had an adequate opportunity to respond to the motion and material facts were neither disputed nor missing from the record."

*Id.* citing *Nuclear Transport & Storage, Inc. v. United States*, 890 F.2d 1348, 1351 (6th Cir.1989), cert. denied, 494 U.S. 1079, 110 S.Ct. 1807, 108 L.Ed.2d 938 (1990); *Hollis v. Department of the*

*Army*, 856 F.2d 1541, 1544 (D.C.Cir.1988); Farries v. Stanadyne/Chicago Div., 832 F.2d 374, 377-78 (7th Cir.1987).

Plaintiff has no opportunity to respond to the Declaration of Joshua Fisher nor to the statements nor to the statements of material fact in Defendants' Memorandum in Support of their Motion to Dismiss that do not have citations.

**3.** *Maclin v. City of St. Louis*. See *Maclin v. City of St. Louis*, 2023 WL 3019632 (E.D. Mo. April 20, 2023).

The Honorable Senior District Judge John A. Ross in this District Court for the Eastern District of Missouri, recently ruled on this very issue in 2023 in *Maclin v. City of St. Louis*. See *Maclin v. City of St. Louis*, *1, 2023 WL 3019632 (E.D. Mo. April 20, 2023). After noting a few 8th Circuit Court of Appeals opinions, Judge Ross stated:

> "By contrast, courts view as outside the pleadings any written or oral evidence that provides some substantiation in support of or in opposition to the pleadings. *Id.* See also *Erler v. Graham Packaging*, 4:14-CV-931 JCH, 2014 WL 6463338, at *2 (E.D. Mo. Nov. 17, 2014) (declining to consider affidavits filed in support of a motion to dismiss); Whitten v. City of Omaha, 199 F. Supp. 3d 1224, 1231 (D. Neb. 2016) (declining to consider a warrant offered for the truth of the executing officer's statement)."

*Id. at *3.*

Judge Ross went on to hold in pertinent part, just as the Declaration of Joshua Fisher's extrinsic evidence, as follows:

> "Hayes's deposition constitutes material outside the pleadings, particularly insofar as the parties use it as substantiation for or against the pleadings, inviting factual inferences and legal conclusions that are not appropriate at this stage.
>
> Rule 12(d) requires that, when matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment. Here, however, the Court cannot entirely exclude the deposition as it is quoted in Maclin's complaint. Alternatively, presented with these matters outside the pleadings, and mindful of the need to resolve questions of qualified immunity as early as possible, the Court will convert Defendants' motion to

dismiss into a motion for summary judgment and direct the parties to submit a proposed schedule for discovery..."

*Id.*

## <u>CONCLUSION</u>

For the foregoing reasons and those stated in Plaintiff's Motion to Convert Defendants' Motion to Dismiss Plaintiff's Complaint to a Motion for Summary Judgment, Plaintiff respectfully requests this Honorable Court to grant Plaintiff's Motion to Convert Defendants' Motion to Dismiss Plaintiff's Complaint to a Motion for Summary Judgment and such other and further relief as this Honorable Court and deems and proper under the circumstances.

Respectfully submitted,

SCHOTTEL & ASSOCIATES, P.C.

BY: s/*James W. Schottel, Jr.*
      James W. Schottel, Jr.    #51285MO
      906 Olive St., PH
      St. Louis, MO 63101
      (314) 421-0350
      (314) 421-4060 facsimile
      jwsj@schotteljustice.com

      Attorney for Plaintiff
      Citizens Against donald Trump, Inc. d/b/a
      Citizens Against donald Trump for Democracy

<u>**CERTIFICATE OF SERVICE**</u>

 I hereby certify that on <u>August 18, 2025</u>, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

   Samuel S. Holt
   samuel.holt2@usdoj.gov

   Bradley P. Humphreys
   bradley.humphreys@usdoj.gov

   Attorneys for Defendants


   s/*James W. Schottel, Jr.*

6