IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CITIZENS AGAINST dONALD TRUMP,<br><br>*Plaintiff*,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>*Defendants*. | Case No. 4:25-cv-00311-SRC |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO CONVERT MOTION TO DISMISS TO A MOTION FOR SUMMARY JUDGMENT**

Defendants oppose Plaintiffs' motion to convert (ECF 50, 51). On May 16, 2025, Defendants moved to dismiss Plaintiff's complaint in this action under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* Defs.' Mot. to Dismiss, ECF No. 30; Defs.' Mem. of Law in Supp. of Mot. to Dismiss, ECF No. 30-1. Even after receiving multiple extensions to respond, Plaintiff still has not filed an opposition to Defendants' motion to dismiss. Most recently, this Court ordered Plaintiff to show cause no later than August 15, 2025, why the Court should not summarily grant Defendants' motion to dismiss. ECF 49. Instead of responding to that order or responding to Defendants' motion to dismiss, Plaintiff filed yet another motion, asking the Court to convert the motion to dismiss into one for summary judgment and to set a discovery schedule. ECF 50. This Court ordered Defendants to respond to that motion before September 12, 2025. ECF 52. Defendants apologize to the Court for not timely responding to Plaintiff's most recent motion. Defendants were waiting for Plaintiff to respond to the Court's August 15 Order to Show Cause and did not view Plaintiff's Motion to Convert as either a response to the Court's show cause order or an opposition to Defendants' motion to dismiss (despite the motion pending for

nearly four months). For the reasons that follow, Defendants respectfully ask that the Court deny Plaintiff's motion to convert and either dismiss this case for failure to prosecute or grant Defendants' motion to dismiss.

1. In its motion, Plaintiff primarily argues that the Court should convert the motion to dismiss into one for summary judgment because Defendants submitted a declaration establishing that Elon Musk was a federal employee at the time Plaintiff's complaint was filed. *See* ECF 30-1, 30-2. "While courts primarily consider the allegations in the complaint in determining whether to grant a Rule 12(b)(6) motion," the Eighth Circuit has held that courts can "additionally consider 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned;' without converting the motion into one for summary judgment." *Dittmer Props., L.P. v. F.D.I.C.*, 708 F.3d 1011, 1021 (8th Cir. 2013) (citation omitted); *see also Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003). Under the Federal Rules of Evidence, courts are permitted to take judicial notice of facts "not subject to reasonable dispute" where those facts are either "generally known within the territorial jurisdiction" or are capable of accurate and ready determination "from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). In their memorandum of law in support of the motion to dismiss, Defendants cite numerous cases where courts took judicial notice of federal employee status, which is what Defendants asked the Court to do vis-à-vis Mr. Musk's federal employee status at the time the complaint was filed. *See* Mem. ISO Mot. Dismiss at 22–23 (ECF numbering), ECF 30-1.

But to the extent the Court does not agree that Mr. Musk's federal employee status is subject to judicial notice, the proper procedure would not be to convert the motion to dismiss into one for

2

summary judgment. Rather, the Court should still rule on the motion to dismiss, but just not consider the attached exhibit. That is exactly what the district courts did in some of the cases Plaintiff cites. *See Erler v. Graham Packaging*, No. 4:14-CV-931 JCH, 2014 WL 6463338, at *2 (E.D. Mo. Nov. 17, 2014) (declining to consider certain affidavits outside the pleadings but still ruling on the motion to dismiss); *Whitten v. City of Omaha*, 199 F. Supp. 3d 1224, 1231 (D. Neb. 2016) (declining to consider a warrant outside the pleadings but still granting in part the motion to dismiss). Indeed, this Court need not consider the employee status of Mr. Musk to grant Defendants' motion to dismiss. The fatal deficiencies with Plaintiff's FACA claims are many: Plaintiff has not alleged that a de facto advisory committee called "DOGE" has been established or utilized by the President or a federal agency; Plaintiff has not alleged that whatever it means by "DOGE" has an organized structure, a fixed membership, or provides advice as a group; and Plaintiff has not alleged a final agency action for its APA claim. *See* Mem. ISO Mot. to Dismiss at 14–33. To state a FACA claim, Plaintiff was required, but failed, to allege all these elements. And for the reasons stated in Defendants' motion to dismiss, Plaintiff's non-FACA claims are also facially meritless. *See id.* at 33–35.

    2. Plaintiff's request for discovery is also improper, because it is well established that courts should first determine whether the plaintiff has adequately pled jurisdiction and stated a facially valid claim before exercising power over the case and unlocking the doors to discovery. Or, in other words, the Court should rule on Defendants' motion to dismiss before permitting any discovery. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79, 686 (2009) (when a "complaint is deficient under Rule 8, [plaintiff] is not entitled to discovery, cabined or otherwise" because "the doors of discovery" do not unlock "for a plaintiff armed with nothing more than conclusions"); *Kulkay v. Roy*, 847 F.3d 637, 646 (8th Cir. 2017) (holding that because the plaintiff had failed to state a claim,

3

"he is not entitled to discovery before dismissal"); *In re Musk*, No. 25-5072, 2025 WL 926608, at *1 (D.C. Cir. Mar. 26, 2025) (per curiam) (staying discovery because "the district court was *required* to decide [defendants'] motion to dismiss before allowing discovery" (emphasis added)); *Packard v. Darveau*, 759 F.3d 897, 904 (8th Cir. 2014) (same); *Carter v. DeKalb Cnty., Ga.*, 521 F. App'x 725, 728 (11th Cir. 2013) (same); *Mujica v. AirScan Inc.*, 771 F.3d 580, 593 (9th Cir. 2014) (same).

3. Finally, in its motion to convert, Plaintiff confusingly seeks costs for service of process and other attorney's fees. ECF 50 at 6. But the Federal Rule of Civil Procedure and federal law only permit a court to award litigation costs to the "prevailing party." *See* Fed. R. Civ. P. 54; 18 U.S.C. § 2412. And no party has prevailed yet, so Plaintiff cannot seek costs at this juncture of litigation.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's motion to convert and dismiss this case for failure to prosecute or grant Defendants' motion to dismiss.

Dated: September 9, 2025           Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Branch Director
Civil Division, Federal Programs Branch

 /s/ Samuel S. Holt
SAMUEL S. HOLT
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW

4

Washington, DC 20005
Samuel.Holt2@usdoj.gov

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I certify that on September 9, 2025, I electronically filed the foregoing and thereby caused a copy to be served on counsel of record.

                                                 */s/ Samuel Holt*
                                                SAMUEL HOLT